# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed June 27, 1908.

WILLIAM C. FALCK
VS.
JULIA BARLOW.

*E. J. Ellinger* and *G. A. Manning* for plaintiff.

*Barton, Wilmer, Ambler & Stewart* for defendant.

SHARP, J.—

This is an action of ejectment brought by the plaintiff against the defendant to recover possession of property on Edmondson avenue.

The defendant filed the general issue plea, and a second plea, "For defense on equitable grounds." This plea alleges:

"That, heretofore, to wit: on the 20th day of July, in the year 1900, the plaintiff in this cause executed under seal a lease for the premises described in the declaration, in the cause, to Patrick J. Barlow, husband and intestate of this defendant, for the term of ten years beginning on the 25th day of July, in the year 1900, at and for the yearly rental of $360, payable monthly in equal instalments ($30) in advance, and therein agreed that the said lease should run until July 25, 1910, with an agreement to give an additional five years' extension."

"That the said lessee entered into possession under the lease as aforesaid, and continued in possession of the premises to the time of his death, on the 28th day of January, in the year

1907, paying the rent aforesaid reserved under the said lease from time to time as it accrued and became payable, and which said rent was accepted by the plaintiff."

"That on the death of her said husband, Patrick J. Barlow, the lessee in the aforesaid lease, the defendant, widow of the said Patrick J. Barlow, was, by order of the Orphans' Court duly passed, appointed administratrix of the estate of the said lessee, and the premises leased in the aforesaid lease thereby, by operation of law, devolved upon this defendant. That this defendant paid the rent reserved under the lease aforesaid, which rent was accepted by the plaintiff, and performed all the covenants of the said lease down to the time of the institution of this suit; and this defendant stands ready and willing to pay the aforesaid rent, and to perform all the covenants of the lease."

The plaintiff demurs to the second plea.

It is contended in support of this demurrer that the plea lacks material averments and is not sufficiently certain. It does not allege that the lease was executed, acknowledged and recorded as required by Code, Article 21, Section 1, for all leases for over seven years. It is further contended that the plea does not allege that the leasehold estate had ever been transferred to the defendant by the administratrix, and that the plea is uncertain because it does not clearly distinguish the personal from the representative capacities of the defendant.

It may be assumed, at any rate, for the purposes of pleading, that the lease was in writing and signed by the party to be charged as required by the Statute on Frauds inasmuch as the plea alleges that the plaintiff "executed under seal a lease."

The other objections are more important.

Code, Article 21, Section 1, provides that: "No estate or inheritance or freehold or any declaration or limitation of use, or any estate for over seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded as herein provided."

Section 13 of this same article requires every deed of the estate mentioned in Section 1 to be recorded in six months. It is now contended that the lease being for ten years, must have been "executed, acknowledged and recorded," as required by the Code, to be valid.

But the defendant contends that conceding the lease to be invalid in law, it was a good equitable lease between the parties, and was sufficient, therefore, to defeat an action of ejectment brought by the lessor against the lessee, or any one claiming under the lease, and that this defense must be set up by an equitable plea in an action of ejectment.

It does not clearly appear from the plea whether the defendant relies on a title in herself or seeks to defeat the action by proof of title in a third person, i. e., the administratrix. The plea is ambiguous. It does not clearly distinguish between the defendant's rights as administratrix (in which capacity she is not a party to this suit) and her personal rights.

The plea is bad for uncertainty, and the demurrer must be sustained for that reason.

If the plea could be construed to mean that the defendant claims title in herself it is defective because it does not allege that the title to the leasehold had been transferred to the defendant by the administratrix.

It is contended that the plea was also bad because the facts set out did not entitle the defendant to file a plea under the Code, Article 75, Section 86, &c., providing for equitable defenses.

This statute provides: "It shall be lawful for the defendant in any action in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds to plead the facts which entitle him to such relief by way of defense."

It was contended that the facts stated in the plea would not entitle the defendant to relief against a judgment and consequently she cannot set up such facts by way of equitable defense.

It may be the defendant could, if she relies on the defense of title in a third person, set up under the general issue plea, *an equitable title with the right of possession* in a third person, to defeat the action, or if she relies on title in herself, set up the equitable

lease together with its transfer to her as an equitable defense, but until the plea in this case is made more certain, and the precise attitude of the defendant is stated, these questions can not be properly decided.

The demurrer will be sustained, with leave to amend.